IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHERYL SHOCKLEY,

                Plaintiff,

v.                                                                                          OPINION and ORDER

ASCEND LOANS, LLC, BENHTI ECONOMIC                                     24-cv-424-jdp
DEVELOPMENT CORPORATION, and W6LS, INC.,

                Defendants.

---

EUGENE CRAIG,

                Plaintiff,

v.                                                                                          OPINION and ORDER

AWL, II, INC., BENHTI ECONOMIC                                                24-cv-493-jdp
DEVELOPMENT CORPORATION and W6LS, INC.

                Defendants.

---

After the court dismissed these Fair Credit Reporting Act cases on sovereign immunity grounds and denied plaintiff Cheryl Shockley's motion for reconsideration, defendants W6LS, Inc. and AWL, II, Inc. moved for sanctions under Federal Rule of Civil Procedure 11. No. 24-cv-424-jdp, Dkt. 62; No. 24-cv-493, Dkt. 47. W6LS and AWL, II contend that plaintiffs and their counsel, Eric Crandall, have failed to withdraw filings that they know to be false. Specifically, defendants contend that the proofs of service of the complaints on the defendants' representative and an affidavit about those proofs of service were falsified. These motions concern allegations of misconduct that amount to fraud on the court, so the court will order plaintiffs' counsel to provide supplemental information about the challenged filings.

ANALYSIS

The challenged proofs of service say that the complaints were served on an individual named Jimmy Hopper on behalf of the defendants by a process server named William Gillum. No. 24-cv-424, Dkt. 23; No. 24-cv-493, Dkt. 9 & Dkt. 10. Defendants moved to dismiss for lack of service, contending that Hopper had not been served with the complaint for either case. No. 24-cv-424, Dkt. 32; No. 24-cv-493, Dkt. 22. Defendants supported their motions with a declaration from Hopper stating that he had been served with the complaint in a different Wisconsin state court case, but not a complaint from Shockley or plaintiff Eugene Craig. No. 24-cv-424, Dkt. 33; No. 24-cv-493, Dkt. 34. In plaintiff Eugene Craig's case, plaintiff's brief in opposition attached a notarized "affidavit of due diligence" signed by Gillum that purportedly affirms that Gillum served the complaints in both cases. No. 24-cv-493, Dkt. 35-1.

On November 6, 2024, defendants submitted a declaration from Gillum stating that he did not sign either of the challenged proofs of service or the affidavit of due diligence. *Id.*, Dkt. 43. On that same day, the court issued its order dismissing Shockley's case on sovereign immunity grounds and the court entered judgment in that case. No. 24-cv-424, Dkt. 58 & Dkt. 59. On December 2, 2024, defendants provided plaintiffs' counsel notice of their intent to file the motions for sanctions if plaintiffs did not withdraw the alleged falsified documents within 21 days, pursuant to Rule 11(c)(2). On December 4, 2024, the court dismissed Craig's complaint on the same grounds hat it dismissed Shockley's case and entered judgment in that case on December 4, 2024. No. 24-cv-493, Dkt. 45 & Dkt. 46. Defendants filed their motion for sanctions on January 6, 2025. No. 24-cv-424-jdp, Dkt. 62; No. 24-cv-493, Dkt. 47.

In both cases, Crandall submitted a declaration in opposition to W6LS's motion for sanctions in which he explained that (1) he did not believe that he could withdraw a document

2

in a case in which the court had issued a judgment and (2) he had filed documents that he received from Oklahoma Judicial Process Service, the company that he hired to serve W6LS with the complaints from these cases, and had no reason to question that proper service had been made. *Shockley*, No. 24-cv-424-jdp, Dkt. 68; *Craig*, No. 24-cv-493, Dkt. 51.

As for Crandall's assertion that he cannot withdraw a filed document from the court's record, *Shockley*, No. 24-cv-424-jdp, Dkt. 68, ¶ 15; *Craig*, No. 24-cv-493, Dkt. 51, ¶ 16, that assertion is incorrect. Parties may request to withdraw a document that they have filed or take other corrective action if they learn about a problem in their filings. Indeed, Rule 11(c)(2) requires a party moving for sanctions to wait for 21 days after serving the non-moving party with the motion so that the non-moving party may "withdraw[] or appropriately correct[]" the challenged filing. The obligations of Rule 11 do not terminate when judgment is entered in a case. Federal courts "may consider collateral issues after an action is no longer pending," including "whether [an] attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990).

As for Crandall's statement that he relied on the representations of the process service company, his reliance on the signed proof of service was reasonable when he first filed the proof of service and affidavit of due diligence. But Crandall does not explain what steps, if any, he took to investigate whether those documents had been falsified after November 6, 2024, when the defendants in *Craig* filed a declaration from Gillum stating that he did not prepare or sign the proofs of service on W6LS in *Shockley* and *Craig*, the proof of service on ALW II in *Craig*, or the affidavit of due diligence in *Craig*. No. 24-cv-493, Dkt. 41.

W6LS's motions for sanctions boils down to the allegation that either Crandall or Oklahoma Judicial Process Service falsified Gillum's signature on these documents. This is a

3

serious and concerning allegation that warrants inquiry, and Crandall's response in opposition to the motions does not provide sufficient information for the court to rule on them. Crandall may have until July 28, 2025, to supplement his response to (1) explain what steps, if any, he took to investigate the alleged falsified documents after November 6, 2024, and (2) identify the individual or individuals at Oklahoma Judicial Process Service with which he has had contact about these cases.

ORDER

IT IS ORDERED that plaintiffs' counsel is directed to supplement his response to the motions for sanctions to (1) explain what steps, if any, he took to investigate the alleged falsified documents after November 6, 2024, and (2) identify the individual or individuals at Oklahoma Judicial Process Service with which he has had contact about these cases by July 28, 2025.

Entered July 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge