IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHERYL SHOCKLEY,

                          Plaintiff,

        v.                                              OPINION and ORDER

ASCEND LOANS, LLC, BENHTI ECONOMIC                      24-cv-424-jdp
DEVELOPMENT CORPORATION, and W6LS, INC.,

                          Defendants.

---

EUGENE CRAIG,

                          Plaintiff,

        v.                                              OPINION and ORDER

AWL, II, INC., BENHTI ECONOMIC                          24-cv-493-jdp
DEVELOPMENT CORPORATION, and W6LS, INC.,

                          Defendants.

---

The court's inquiry into the misconduct allegations against plaintiffs' counsel, Eric Crandall, continues. Defendants in both of these cases move for sanctions, contending that Crandall failed to withdraw falsified documents, specifically proofs of service and supporting affidavits. No. 24-cv-424, Dkt. 62; No. 24-cv-493, Dkt. 47.

Crandall wants to depose his contact at the process server company, Makayla Saramosing. He previously issued subpoenas to do so. Saramosing was a no-show. Crandall moves to compel Saramosing to comply with the subpoenas. Dkt. 77 ('424 case); Dkt. 62 ('493 case). Saramosing moves to quash them. Dkt. 83 ('424 case); Dkt. 68 ('493 case). The court will grant Saramosing's motions to quash and deny Crandall's motions to compel.

ANALYSIS

The geographic reach of subpoenas is limited. Subpoenas may command a non-party to attend a deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). The same goes for subpoenas commanding the production of documents; those too are limited to "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Courts are required to quash subpoenas that "require[] a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii).

Plaintiffs' subpoenas are improper. They would require Saramosing, a resident of Oklahoma, to travel to Crandall's Wisconsin law firm. Dkt. 73 ('424 case); Dkt. 58 ('493 case). This far exceeds the geographic limits under Rule 45 of the Federal Rules of Civil Procedure. As a result, plaintiffs' motions to compel, Dkt. 77 ('424 case); Dkt. 62 ('493 case), are denied. Saramosing's motions to quash, Dkt. 83 ('424 case); Dkt. 68 ('493 case), are granted.

If Crandall thinks deposing Saramosing is necessary to support his defense against the allegations of fraud on this court, he may do so. But he must comply with Rule 45.

Saramosing's alleged misconduct—falsifying signatures on proofs of service and supporting affidavits—is troubling. Frankly, so is her response in her motion to quash. But Crandall's own actions are this court's main concern.

On November 6, 2024, defendants submitted a declaration indicating that the service documents were falsified. Dkt. 43 ('493 case). This court ordered Crandall to explain what steps, if any, *he* took to investigate the alleged falsified documents. Dkt. 72 ('424 case); Dkt. 56 ('493 case). Crandall still has not done so.

The court will give Crandall 30 more days to explain himself. If he fails to do so, the court will consider appropriate sanctions without his input.

ORDER

1. Plaintiffs' motions to compel compliance with the subpoenas, No. 24-cv-424, Dkt. 77; No. 24-cv-493, Dkt. 62, are DENIED.

2. Interested Party Dr. Makayla Saramosing's motions to quash the subpoenas, No. 24-cv-424, Dkt. 83; No. 24-cv-493, Dkt. 68, are GRANTED.

3. Plaintiffs' counsel is directed to file his supplemental response to the motions for sanctions, No. 24-cv-424, Dkt. 62; No. 24-cv-493, Dkt. 47, by October 10, 2025.

Entered September 10, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge